THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BARNETT JOHNSON, Defendant-Appellant.

(No. 56493; ▮▮▮▮▮▮▮▮▮▮▮▮)

First District—July 18, 1972.

Gerald W. Getty, Public Defender, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant was convicted of the offense of theft.[1] After a hearing in aggravation and mitigation he was sentenced to one year at Vandalia.

The State's evidence consisted solely of the testimony of complainant and the arresting officer. Complainant testified that defendant took his watch and $100 from him. The arresting officer testified that after the offense had occurred he toured the neighborhood with complainant. Defendant was standing on a street corner and was indicated by complainant to be the offender. Defendant attempted to flee when the officer approached him, but he was immediately apprehended.

The defense evidence consisted solely of the testimony of defendant. He testified that he had never seen complainant before the arrest and did not take anything from him. He further testified that he tried to run when the arresting officer approached "[b]ecause he was going to arrest me for robbery."

A notice of appeal was filed by the Public Defender who now seeks to withdraw. A brief in support of the motion has been filed pursuant to *Anders v. California,* 386 U.S. 738, wherein the Public Defender asserts that the only basis of an appeal would be whether defendant was proven

---

[1] Ill. Rev. Stat. 1969, ch. 38, par. 16—1.

guilty beyond a reasonable doubt. He concludes that an appeal would be without merit or possibility of success since the credibility of witnesses is to be determined by the trier of fact and where the evidence is merely conflicting a reviewing court will not substitute its judgment for that of the trier of fact.

Defendant was sent a copy of the Public Defender's motion and brief. He was also sent a letter by this court notifying him of the motion and giving him an opportunity to file any points he might choose in support of his appeal. No response has been received from him.

We have thoroughly examined the record and conclude that there would be no merit in an appeal. The motion of the Public Defender to withdraw is allowed and the judgment is affirmed.

This opinion is filed in conformance with Supreme Court Rule 23. Ill. Rev. Stat., ch. 110A, par. 23, adopted, effective January 31, 1972.

Judgment affirmed.

SCHWARTZ and LEIGHTON, JJ., concur.